IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NINETTE BUTTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:11-CV-00262-N-BF |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. On March 22, 2011, this Court granted the Motion for More Definite Statement. ("Motion," doc. 3.) of Defendant Chase Home Finance LLC. ("Defendant"). The Court gave Plaintiff twenty days or until April 11, 2011 to file a First Amended Complaint that would include facts that plausibly would state a claim against Defendant. The Court gave Plaintiff notice that failure to file such a complaint would result in this Court's recommendation that Defendant's Motion to Dismiss for Failure to State a Claim be granted.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that the pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court reaffirmed this in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Although a court must accept all of the plaintiff's allegations as true, the court is not bound to accept as true "a legal conclusion couched

as a factual allegation." *Id.* at 1949-50 (quoting *Twombly,* 550 U.S. at 555. A pleader's "bare averment that he wants relief and is entitled to it" is unacceptable. *Twombly*, 550 U.S. at 556.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 570. A claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. *See Twombly,* 550 U.S. at 556. When the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has failed to show that the pleader is plausibly entitled to relief. FED. RULE CIV. P. 8(a)(2); *Iqbal,* 129 S.Ct. at 1950.

Plaintiff's Petition, removed from state court, alleges that she is seeking verification of debt from Defendant to establish whether Defendant has standing to sue her for foreclosure. Plaintiff alleges Defendant must produce "the ORIGINAL UNALTERED WET INK SIGNATURE PROMISSORY NOTE and other documents." Defendant correctly contends that neither state nor federal law requires a lender to prove standing or to produce the original promissory note before bringing a foreclosure suit.

Plaintiff cites no facts which permit the Court to infer that Plaintiff is plausibly entitled to relief under either state or federal law. This Court gave Plaintiff, who is proceeding pro se, the opportunity to amend her complaint. However, Plaintiff failed to file an amended complaint and the time to do so has expired.

## **Recommendation**

The Court recommends that the District Court **GRANT** Defendant's Motion to Dismiss (doc. 3) pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's complaint without prejudice.

SO RECOMMENDED, April 19, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).